ORIGINAL

FILED
U.S. DISTRICT COURT
AUGUSTA DIV.
2010 JUN 15 P 3: 32
CLERK_____
SO. DIST. OF GA.

IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

DUBLIN DIVISION

| | | |
|---|---|---|
| NAVIN BABOOLAL, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | CV 310-005 |
| | ) | |
| WALT WELLS, Warden, and UNITED STATES OF AMERICA, | ) ) | |
| | ) | |
| Respondents.[1] | ) | |

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Petitioner, an inmate incarcerated at McRae Correctional Facility ("MCF") in McRae, Georgia, filed the above-captioned petition pursuant to 28 U.S.C. § 2241 contesting the execution of his sentence of confinement. Petitioner originally filed this petition in the Eastern District of Wisconsin, the district where he was sentenced, but the matter was later transferred to this District by the Honorable Lynn Alderman, United States District Judge, after full briefing by both parties. (See doc. nos. 6, 8, 12.) For the reasons set forth below, the Court **REPORTS** and **RECOMMENDS** that the United States of America be **DISMISSED** as an improper Respondent, that the § 2241 petition be **DISMISSED**, that this

---

[1] As explained in further detail below, the proper party respondent in this action should be Petitioner's immediate custodian, Walt Wells, Warden at MCF. Rumsfeld v. Padilla, 524 U.S. 426, 434-35 (2004). The Clerk is **DIRECTED** to add "Walt Wells, Warden" as the party respondent in this case.

civil action be **CLOSED**, and that a final judgment be **ENTERED** in favor of Respondent Wells.

## I. BACKGROUND

On August 23, 2005, a grand jury sitting in the Eastern District of Wisconsin issued an indictment charging Petitioner (a Canadian national) with nine counts of wire fraud, in violation of 18 U.S.C. § 1343. See United States v. Baboolal, Crim. Case No. 2:05-CR-00215, doc. no. 1 (E.D. Wisc. Aug. 23, 2005). After unsuccessfully challenging search warrants issued in the case, Petitioner pled guilty to one count of the indictment on January 31, 2007. Id., doc. no. 46. As part of the plea agreement, Petitioner and the government agreed to jointly recommend that Petitioner be sentenced to period of five years of imprisonment. Id., doc. no. 46, ¶ 25. On May 24, 2007, Judge Alderman, consistent with the parties' recommendation, sentenced Petitioner to five years of imprisonment, with a recommendation to the Bureau of Prisons ("BOP") that Petitioner be placed at an institution in Florida and that the BOP consider transferring Petitioner to Canada to serve his sentence. Id., doc. no. 50.[2]

In his petition, Petitioner complains about several aspects of the BOP's execution of his sentence. First, Petitioner complains that because he is not a citizen of the United States, he is being incarcerated at a contract facility run by a private corporation and that the facility is not a BOP minimum security facility, which Petitioner contends is contrary to the sentencing court's recommendation. Petitioner also asserts that he has no opportunity to (1)

---

[2] Judge Alderman later entered an amended judgment specifying the restitution to be made to the victims of Petitioner's crimes. See United States v. Baboolal, Crim. Case No. 2:05-CR-00215, doc. no. 58 (E.D. Wisc. Aug. 16, 2007).

2

obtain early release to a community-based center, (2) participate in educational opportunities, and (3) secure his transfer to Canada. Furthermore, Petitioner contends that the BOP is miscalculating his entitlement to good-conduct time ("GCT") under 18 U.S.C. § 3624(b). Finally, Petitioner is concerned with the delay that may occur following the completion of his sentence, when he is transferred to the custody of the Bureau of Immigration and Customs Enforcement ("BICE") pending deportation to Canada, and requests that his sentence be adjusted accordingly to take into account this possible delay.[3] (See generally doc. no. 1.) Respondent maintains that Petitioner has failed to exhaust his administrative remedies with respect to these claims and that the claims are otherwise without merit. (See doc. no. 6.) The Court resolves the matter as follows.

## II. DISCUSSION

A.  **Proper Respondent**

In his petition, Petitioner originally named the United States of America as the Respondent, explaining that he filed the petition pursuant to 28 U.S.C. § 2241 to challenge his sentence because the remedy provided by 28 U.S.C. § 2255 was inadequate or ineffective for challenging the manner of execution of his sentence. (Doc. no. 1, pp. 1-2.) Furthermore, as discussed in footnote 3, Petitioner included both § 2241 claims and claims that could be cognizable under § 2255 in his petition. However, Petitioner's § 2255 claims were addressed

---

[3]Petitioner also alleges in his petition that events occurring subsequent to his sentencing require modification of his sentence. (Doc. no. 1, pp. 13-16.) Notably, Judge Alderman found that these claims "could be cognizable under § 2255" but found that such claims did not support § 2255 relief before transferring this case to this Court. (Doc. no. 9, pp. 4-5.) Accordingly, the Court does not consider these claims as part of this Report and Recommendation.

3

and rejected by the court where this petition was originally filed, before the petition was transferred to this Court. (Doc. no. 9, pp. 4-5.) Accordingly, the United States of America is not a proper Respondent in this § 2241 action because in a habeas proceeding, the case or controversy is between the person in custody and his custodian. Rumsfeld v. Padilla, 542 U.S. 426, 435 (2004) ("[L]ongstanding practice confirms that in habeas challenges to present physical confinement . . . the default rule is that the proper respondent is the warden of the facility where the prisoner is being held . . . ."); Wacker v. Bisson, 348 F.2d 602, 605 (5th Cir. 1965). Thus, Walt Wells, Petitioner's custodian by virtue of his position as Warden at MCF, is the proper Respondent. Accordingly, the Court **REPORTS** and **RECOMMENDS** that the United States of America be **DISMISSED** as an improper Respondent.

B.  **Exhaustion of Administrative Remedies**

With respect to the issue of exhaustion, it is well-settled that prisoners seeking habeas relief, including relief pursuant to § 2241, are subject to administrative exhaustion requirements. Skinner v. Wiley, 355 F.3d 1293, 1295 (11th Cir. 2004) (*per curiam*), *cert. denied*, 541 U.S. 1036 (2004); Rodriguez v. Lamer, 60 F.3d 745, 747 (11th Cir. 1995) (noting requirement for exhausting administrative remedies with the BOP prior to seeking § 2241 relief in federal court); see also Fuller v. Rich, 11 F.3d 61, 62 (5th Cir. 1994) (*per curiam*) (noting exhaustion requirement in relation to bringing § 2241 petition); United States v. Gabor, 905 F.2d 76, 78 n.2 (5th Cir. 1990) (noting applicability of exhaustion requirement to claims for computation of sentence credit awards). In this Circuit, even if an inmate claims that his release date has passed and he remains incarcerated, courts should enforce the exhaustion requirement:

4

> In February 1991 Gonzalez filed in the district court a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. He asserted that because his presumptive release date had passed, he need not exhaust his administrative remedies before seeking relief from the district court.
> Courts have original jurisdiction over imposition of a sentence. The Bureau of Prisons is, however, responsible for computing that sentence and applying appropriate good time credit. U.S. v. Martinez, 837 F.2d 861, 865-66 (9th Cir. 1988). The Bureau of Prisons has established regulations that set forth the procedures that a prisoner must follow before seeking relief from a district court. U.S. v. Lucas, 898 F.2d 1554, 1556 (11th Cir. 1990).

Gonzalez v. United States, 959 F.2d 211, 212 (11th Cir. 1992) (*per curiam*).

As the Eleventh Circuit has held, unequivocally, that "[i]f, and only if, the [petitioner] has pursued his administrative remedy may he seek relief in the district court," United States v. Herrera, 931 F.2d 761, 764 (11th Cir. 1991),"whether [Petitioner] may even assert a futility exception to the requirement is questionable." Jaimes v. United States, 168 F. App'x 356, 358 (11th Cir. 2006) (*per curiam*). Although some courts within the Eleventh Circuit have noted that under certain circumstances, a § 2241 petitioner may seek judicial waiver of the Eleventh Circuit's exhaustion requirement by demonstrating futility, they have also concluded that "the question [of] whether the Eleventh Circuit considers the exhaustion requirement in § 2241 subject to judicial waiver is, at best, unsettled." Jones v. Zenk, 495 F. Supp. 2d 1289, 1297, 1299-1300 (N.D. Ga. 2007). However, based on Eleventh Circuit precedent, Petitioner is still subject to the requirement of administrative exhaustion. Martin v. Zenk, 244 F. App'x 974, 977 (11th Cir. 2007) (*per curiam*) (citing Skinner, 355 F.3d at 1295). In any event, those courts which apply a futility exception do so in only "extraordinary circumstances," and require the petitioner to "bear[] the burden of demonstrating the futility of administrative review." Fuller, 11 F.3d at 62.

Here, Petitioner has not met his burden of demonstrating exceptional circumstances or the futility of administrative review. While Petitioner maintains that the BOP has "repeatedly rejected" his requests for relief and the sentencing court's recommendation for placement (doc. no. 8, p. 3), he provides no details or documentation in support of these claims. Furthermore, as discussed in further detail below, the BOP is under no obligation to follow the sentencing court's recommendation as to placement. Accordingly, the Court finds that Petitioner has not met the burden of establishing "extraordinary circumstances" that would justify exempting him from the exhaustion requirement, and thus, his claims are not properly before this Court. Fuller, 11 F.3d at 62.

### B.     Placement at MCF

Even if Petitioner had exhausted his administrative remedies or demonstrated "extraordinary circumstances" exempting him from the exhaustion requirement, the Court would still recommend dismissal of the petition because Petitioner's claims are without merit on their face. As noted above, Petitioner is dissatisfied that he is being held at a contract facility run by a private corporation and that MCF is a secure holding facility, not a minimum security facility. Petitioner is also dissatisfied that he has not been allowed to serve his sentence in Canada. However, the only comments the sentencing court made in its judgment with respect to Petitioner's custody placement were *recommendations* that Petitioner be placed at an institution in Florida and that he be considered for transfer to Canada to serve his sentence. See Baboolal, doc. no. 51, p. 2. Notably, Judge Alderman re-iterated that these were the only recommendations he had made in Petitioner's criminal case prior to

6

transferring the instant action to this Court. (Doc. no. 9, p. 1.) In sum, nothing in the record establishes that Petitioner had to be placed at a particular institution.

Furthermore, the BOP ultimately has the final authority as to where a federal inmate will serve his sentence, including a facility maintained by a private contractor. See 18 U.S.C. § 3621(b); United States v. Wilson, 503 U.S. 329, 335 (1992) (noting that "the Attorney General, through the BOP, has the responsibility for administering [a prisoner's] sentence" (citing 18 U.S.C. § 3621)). Indeed, § 3621(b) provides:

> The Bureau of Prisons shall designate the place of the prisoner's imprisonment. The Bureau may designate any available penal or correctional facility that meets minimum standards of health and habitability established by the Bureau, whether maintained by the Federal Government or otherwise and whether within or without the judicial district in which the person was convicted, that the Bureau determines to be appropriate and suitable . . . .

Notably, Petitioner does not contend that MCF does not meet the minimum health and habitability standards. Rather, he is simply dissatisfied that the BOP did not follow the sentencing court's recommendation. However, as noted by Judge Alderman prior to transferring the instant action to this Court, at the time he made his recommendations as to placement, he and the parties all understood that "the BOP was not obliged to honor those recommendations." (Doc. no. 9, p. 5.) As discussed above, the BOP ultimately has the final authority as to where a federal inmate will serve his sentence, and a prisoner does not possess a constitutional right to be placed, or not to be placed, in a particular prison facility. McKune v. Lile, 536 U.S. 24, 39 (2002); Meachum v. Fano, 427 U.S. 215, 225 (1976). Accordingly, Petitioner's claims regarding his placement at MCF, a private facility, and not at a minimum security facility or a facility in Canada, fail to provide a basis for relief.

7

## C. Early Release and Educational Opportunities

The Court turns next to Petitioner's claims that he has no opportunity to serve a portion of his sentence in a halfway house or other community-based center and that he is being denied educational opportunities while at MCF. However, Petitioner has no due process liberty interest in early release, see Wottlin v. Fleming, 136 F.3d 1032, 1036 (5th Cir. 1998), or a constitutionally protected liberty interest in rehabilitative programs, Moody v. Daggett, 429 U.S. 78, 88 n.9 (1976). Furthermore, as noted above, a prisoner does not possess a constitutional right to be placed, or not to be placed, in a particular prison facility. McKune, 536 U.S. at 39; Meachum, 427 U.S. at 225; see also Biester v. Lanier, 249 F. App'x 782, 783 (11th Cir. 2007) (*per curiam*) (citations omitted) (noting that prisoner had no liberty interest in being placed at a transitional center). Accordingly, Petitioner's claims that he should be allowed to serve a portion of his sentence in a halfway house or other community-based center and that he is entitled to educational opportunities while he is incarcerated are without merit and also fail to provide a basis for relief.

## D. Good Conduct Time

Petitioner also contends that the BOP is incorrectly calculating his GCT under 18 U.S.C. § 3624 on the basis of time actually served, rather than on the sentence imposed. Under 18 U.S.C. § 3624, a federal prisoner can receive credit for "satisfactory behavior" as follows:

> **(b) Credit toward service of sentence for satisfactory behavior.--**
>
> (1) Subject to paragraph (2), a prisoner who is serving a term of imprisonment of more than 1 year other than a term of imprisonment for the duration of the prisoner's life, may receive credit toward the service of the prisoner's sentence, beyond the time served, of up to 54 days at the end of

8

> each year of the prisoner's term of imprisonment, beginning at the end of the first year of the term, subject to determination by the Bureau of Prisons that, during that year, the prisoner has displayed exemplary compliance with institutional disciplinary regulations. . . . [C]redit for the last year or portion of a year of the term of imprisonment shall be prorated and credited within the last six weeks of the sentence.

18 U.S.C. § 3624(b)(1). The BOP has promulgated a regulation concerning the proper method for calculating GCT time under this statute which provides that an inmate may earn GCT credits based on the time actually served and not the sentence imposed. 28 C.F.R. § 523.20.

The Supreme Court recently addressed Petitioner's exact argument and held that the BOP's method of calculating GCT on the basis of time served, rather than the sentence imposed, is lawful. Barber v. Thomas, ___ S. Ct. ___, 2010 WL 2243706 (U.S. June 7, 2010). In so holding, the Supreme Court found that the BOP's method tracked the statutory language indicating that GCT should be calculated at the end of each year. Barber, 2010 WL 2243706, at *5. In addition, the Supreme Court noted that "the BOP's approach furthers the objective of § 3624 . . . [by tying] the award of [GCT] directly to good behavior during the preceding year of imprisonment." Id. at *6. The Supreme Court also observed that calculating GCT on the basis of the sentence imposed would allow prisoners to receive GCT for time they did not spend in prison. Id. at *5. As the Supreme Court has upheld the BOP's method of calculating GCT on the basis of time served,[4] Petitioner is clearly not entitled to the relief he seeks in the form of recalculation of his GCT.

---

[4] In Barber, the Supreme Court also held that the rule of lenity is not applicable because, assuming § 3624 imposes a criminal penalty, the statute does not present a "grievous ambiguity or uncertainty." Barber, 2010 WL 2243706, at *9 (citing Muscarello v. United States, 524 U.S. 125, 139 (1998)).

## E. Time in BICE Custody

Finally, the Court turns to Petitioner's claim that his sentence should be adjusted to account for the time he may spend in BICE custody following the completion of his sentence. However, as noted by Judge Alderman, this claim regarding "post-sentence administrative detention by [BICE] appears to be premature" (doc. no. 9, p. 4 n.3.), as Petitioner is essentially seeking prospective relief based on a hypothetical series of events that have yet to occur. Furthermore, Petitioner admits that he can only guess at the amount of time that he will spend in BICE custody following the completion of his sentence, maintaining that it "will take *at least* two to four months over and above his 60-month sentence" for BICE to transfer him back to Canada. (Doc. no. 1, p. 12 (emphasis in original)). Notably, Petitioner cites no authority for the proposition that he is entitled to be credited in advance for time he may spend in any type of custody following the completion of his sentence. For these reasons, the Court finds that Petitioner is not entitled to recalculation of his sentence based on the time he may spend in BICE custody following the completion of his sentence.[5,6]

---

[5] The Court notes that it has previously recommended denying other petitioners' requests for time served in BICE custody because of the civil nature of such custody, which does not qualify as "official detention." See, e.g., Fletcher v. Pugh, CV 303-082, doc. no. 8, *adopted by* doc. no. 11 (S.D. Ga. Apr. 27, 2004). While the petitioner in Fletcher was requesting credit for time spent in BICE custody prior to being sentenced, it is worth noting that this Court has generally rejected the idea that a prisoner is entitled to credit for time spent in BICE custody.

[6] The Court is aware of Petitioner's request that he be allowed to amend his petition to state a claim under the Administrative Procedures Act, 5 U.S.C. §§ 701 *et seq*. (See doc. no. 8, p. 4.) However, Petitioner only makes this argument in response to Respondent's argument that the petition should be dismissed for failure to exhaust administrative remedies. (See id.) As the Court has addressed the merits of the petition in this recommendation and is not recommending dismissal solely on exhaustion grounds, Petitioner's request to amend should be denied.

10

### III. CONCLUSION

For the reasons set forth above, the Court **REPORTS** and **RECOMMENDS** that the United States of America be **DISMISSED** as an improper Respondent, that the § 2241 petition be **DISMISSED**, that this civil action be **CLOSED**, and that a final judgment be **ENTERED** in favor of Respondent Wells.

SO REPORTED and RECOMMENDED this 5th day of June, 2010, at Augusta, Georgia.

W. LEON BARFIELD
UNITED STATES MAGISTRATE JUDGE